**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 02-655-C**

**MARY ANN ISOM,**                                                                                          **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**BOARD OF DIRECTORS**
**MANAGEMENT ASSOCIATES INCORPORATED,**                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on a letter from the plaintiff, which has been construed as a motion to reopen the case and a motion to appoint counsel. DE 13. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.     Background**

The plaintiff in this matter, Mary Ann Isom, filed her *pro se* complaint on October 31, 2002. In dismissing her complaint after *sua sponte* screening pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the court noted that it was unclear upon what legal grounds and factual basis the plaintiff intended to bring the action. Consequently, the court dismissed the complaint on September 26, 2003, because it lacked "an arguable or rational basis in law or fact" and the plaintiff's allegations were "examples of fantastical, delusional, and incoherent pleadings." DE 11, 4. On January 2, 2008, the plaintiff

1

filed a letter with the court which has been construed as a motion to reopen the case and a motion to appoint counsel. DE 13. The letter also contained a request to waive a $45.00 "handling fee" for reopening the case.

## II.     Legal Standard

Pleadings filed by a *pro se* plaintiff are to be held to a less stringent standard than those drafted by an attorney and should be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The court is not required, however, "to explore exhaustively all potential claims of a *pro se* plaintiff, [and transform itself] from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 465 U.S. 1088 (1986). *See also McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) ("Our duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (citing *Case v. State Farm Mutual Automobile Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961)) ("There is no 'duty (on the part) of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading.'").

Fed. R. Civ. P. 60(b) provies for relief from a final judgment, order, or proceeding due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b)" (which allows 10 days for such a motion); (3) "fraud . . ., misrepresentation, or misconduct by the opposing party"; (4) the judgment being void; (5) the judgment having been "satisfied, released or discharged" or if the judgment "is based on an earlier judgment that has been reversed or vacated" or if "applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."  Motions under Rule 60(b) for reasons (1), (2), and (3) must be made "no more than a year of the entry of judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

### III.   Analysis

#### A.   Motion to Reopen the Case

After a long introduction, the plaintiff's motion states that she is "contacting the court . . . to complete that which I want resolved by the United States District Court and the amount of the impending settlement."  DE 13.  She also states that "[t]he amount that will be described depends upon how much salvaging and exchange of properties that can be traced and forwarded through this [court's] decision to divy up my portions of the company since the onset, since never having been represented in a court of law with this [new] technical advance [in] fiber optics and [communications] sales."  DE 13.

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation,'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting

*Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)), and the plaintiff's motion provides no reason that would compel the court to provide relief under Rule 60(b) from its memorandum opinion and order that dismissed the case on September 26, 2003.  DE 11.  More than a year has passed since the court's memorandum opinion and order and she does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or misconduct.  She does not allege that the judgment is void or that the judgment has been satisfied, released, discharged, based on a judgment that has been reversed or vacated, or that its prospective application would be inequitable.  The plaintiff also does not meet the high standard for relief under the remaining subsection of Rule 60(b), "any other reason that justifies relief," which should be applied "only in 'unusual and extreme circumstances where principles of equity *mandate* relief.'" *Id.* (emphasis in original) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 2000)).

As the court noted in dismissing the plaintiff's complaint in 2003, the plaintiff in her complaint "contends that she is a deity of Egypt and has ties to the Holy Bible and the creation of man theory" and "alleges that her agreement with the defendant was through an angel investor and that communications regarding the agreement occured over the airwaves and through psychological communication."  DE 11, 4.  The court dismissed the complaint as frivolous because, "if a complaint contains facts that are 'fantastic or delusional' or if it is

4

based on legal theories that are undisputably meritless," it does not have an arguable basis in law or fact. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Because the plaintiff in her letter has not stated any non-frivolous grounds for relief from the court's memorandum opinion and order, the court will deny the plaintiff's motion to reopen the case and leave unaltered its judgment that her complaint was frivolous.

### B. Motion to Appoint Counsel

The plaintiff also requests that the court appoint counsel because, with the assistance of counsel, she would "be much more effective when testifying [on] my behalf of what I conceive this company to be as it has represented me, Mary Ann Isom, on the anachronym of MAI, and with use of my educational pursuits in the study of Human Behavior, the Human Brain, and the Human Psyche." DE 13. The court will also deny this motion as moot since this matter will not be reopened.

### C. Motion to Waive $45.00 "Handling Fee"

Finally, the plaintiff requests that the court waive "a $45.00 handling fee to reopen the file." DE 13. The court will construe this request as a motion to waive the fee associated with retrieval of a record. Because the court will not reopen the case, it is unnecessary to retreive the file and, therefore, the plaintiff will not be charged a $45.00 fee. Consequently, the court will deny this request as moot.

## IV. Conclusion

Accordingly,

5

**IT IS ORDERED** that the plaintiff's motion to reopen the case, DE 13, is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel, DE 13, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to waive "handling fee" is **DENIED AS MOOT**.

There being no just reason for delay, this is a final order. Additionally, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

Signed on  July 1, 2008

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**