UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 02-655-C**

**MARY ANN ISOM,**                                                                          **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**BOARD OF DIRECTORS
MANAGEMENT ASSOCIATES INCORPORATED,**                     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to reopen cases for Mary Ann Isom. R. 18. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.**     **Background**

This is the plaintiff's second attempt to reopen this case. On January 2, 2008, the plaintiff filed a letter with the court which was construed as a motion to reopen the case and a motion to appoint counsel. R. 13. The court denied these motions on July 1, 2008, and certified that any appeal of that order would not be taken in good faith. R. 14. The plaintiff filed a notice of appeal and an application to proceed on appeal without prepayment of fees on July 10, 2008. R. 16. Because the court certified that the appeal was not taken in good faith, it denied the application to proceed without prepayment of fees. R. 17.

The plaintiff, Mary Ann Isom, filed her complaint on October 31, 2002. R. 1. The court dismissed the complaint after a *sua sponte* screening pursuant to 28

U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), and noted that it could not clearly discern the plaintiff's intended legal grounds and factual basis for the action. Consequently, the court dismissed the complaint on September 26, 2003, because it lacked "an arguable or rational basis in law or fact" and the plaintiff's allegations were "examples of fantastical, delusional, and incoherent pleadings." R. 11, 4.

## II.     Legal Standard

Pleadings filed by a *pro se* plaintiff are to be held to a less stringent standard than those drafted by an attorney and should be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The court is not required, however, "to explore exhaustively all potential claims of a *pro se* plaintiff, [and transform itself] from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 465 U.S. 1088 (1986). *See also McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) ("Our duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations."); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (citing *Case v. State Farm Mutual Automobile Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961)) ("There is no 'duty (on the part) of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading.'").

Fed. R. Civ. P. 60(b) provides for relief from a final judgment, order, or proceeding due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" (which allows 10 days for such a motion); (3) "fraud . . ., misrepresentation, or misconduct by the opposing party"; (4) the judgment being void; (5) the judgment having been "satisfied, released or discharged" or if the judgment "is based on an earlier judgment that has been reversed or vacated" or if "applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."  Motions under Rule 60(b) for the first three reasons must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

### III.   Analysis

The plaintiff moves the court to "reopen all relevant caseloads entered in U.S. District Courts since onset date listed under the name: Mary Ann Isom."  R. 18.  The only specific case that the plaintiff mentions is the instant matter, Louisville Civil Action No. 3:02-CV-00655-JBC.  Ms. Isom has additional cases pending before the United States District Court for the Western District of Kentucky, but those matters have been assigned to other judges.  Therefore, this ruling shall apply only to the instant action, and the court declines to rule on whether the other cases should be reopened.

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality

3

of judgments and termination of litigation,'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)), and the plaintiff's motion provides no reason that would compel the court to provide relief under Rule 60(b) from its memorandum opinion and order that dismissed the case on September 26, 2003. R. 11. More than a year has passed since the court's memorandum opinion and order and the plaintiff does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or misconduct. She does not allege that the judgment is void or that it has been satisfied, released, discharged, based on a judgment that has been reversed or vacated, or that its prospective application would be inequitable. The plaintiff also does not meet the high standard for relief under the remaining subsection of Rule 60(b), "any other reason that justifies relief," which should be applied "only in 'unusual and extreme circumstances where principles of equity *mandate* relief.'" *Id.* (emphasis in original) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 2000)).

The plaintiff argues that her case should be reopened because she has been homeless for several years and has not been privy to correspondence involving the case. In addition, she asserts that she "suspects" that fraudulent correspondence has issued in this matter. Prior to the plaintiff's letter dated December 27, 2007, no correspondence had been sent or received in this matter since September 24,

2003, when the court issued orders dismissing the case and denying the plaintiff's motion for appointment of counsel, R. 11, 12.  Ms. Isom does not challenge the court's decision to dismiss the case as frivolous.  Therefore, her inability to receive correspondence does not affect the court's order dismissing the suit.  In addition, Ms. Isom fails to provide any factual basis or reasoning to support her suspicion of fraud.  The court cannot alter its judgment on a mere allegation of fraud.

Next, the plaintiff claims that she was unable to complete the lawsuit because the court did not appoint a lawyer to represent her.  On September 24, 2003, the court denied the plaintiff's motion for appointment of counsel because the court, during its initial review of this action, determined that the action must be dismissed.  R. 12.  The plaintiff did not ask the court to reconsider that order until December 27, 2007.  R. 13.  In its reconsideration of the order, the court denied the plaintiff's motion to appoint counsel because it had determined that the case should not be reopened.  R. 14.  Thus, Ms. Isom has no right to an attorney in this matter, and her lack of legal representation is not a sufficient reason for the court to reopen the case.

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to reopen the case, R. 18, is **DENIED**.

There being no just reason for delay, this is a final order.  Additionally, the

5

court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

Signed on  March 1, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**